UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OCT 23 2003
FILED

CIVIL RIGHTS COMPLAINT  Amended  21 A 9:05

US DISTRICT COURT
BRIDGEPORT CT

Justino Ramirez,  Sig: _Justino Ramirez_ #191568
    Plaintiff(s),

(Full name(s) and prisoner number(s) if incarcerated)
(Do not use *et al.*)

v.

Case No. 3:03 CV 250 (WWE)(HBF)
(To be supplied by the court)

John Armstrong (Individual and official capacity)
Ron Angelone (Individual)
Edward DeSanti (Individual and official capacity)
Fred Schilling (Individual)
Dr. Tim Silvas (Individual and official capacity)
Brian Murphy (Individual and official capacity)
Elaine Lukas (Individual and official capacity)
    Defendant(s).

(Full name(s) and capacity, *e.g.*, official capacity, individual capacity, or official and individual capacitites) (Do not use *et al.*)

(See attached Amended Complaint)

**A. PARTIES**

1. _____ is a citizen of _____ who
   (Plaintiff)                                          (State)
presently resides at _____.
              (mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: _____.

2. Defendant _____ is a citizen of _____
            (name of first defendant)                           (State)
whose address is _____,
and who is employed as _____.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUSTINO RAMIREZ
    PLAINTIFF

v.

Commissioner John Armstrong,
Commissioner Ron Angelone,
~~John Doe~~ #1, Dir. of Medical Services,
Ct. D.O.C., ~~John Doe~~ #2, Director of Medical
services, Va. Dept. of Corr., The UCONN
Health Center (UCHC), Dr. Silvas M.D., NacDougall
Corr. Inst., Warden Brian Murphy, Elaine Lukas
    DEFENDANT

JURY TRIAL DEMANDED

John Doe #1 Edward DeSanti
John Doe #2 Fred Schilling

## COMPLAINT

### Preliminary Statement

This is a civil rights complaint brought by Justino Ramirez, pro-se, a state prisoner incarcerated at MacDougall Correctional Institution, Suffield, Ct. It is a complaint for damages under 42 U.S.C. §1983. In this complaint the plaintiff alledges that he has been forced to suffer from an unknown medical condition for more than 2 years without a proper diagnosis or treatment, and that medical personnel have failed to adhere to prescribed treatment regimens including the cancellation and denial of necessary follow-up examinations, failure to prescribe proper medication, failure to respond to the plaintiff's repeated, continual complaints and requests. This complaint further alledges that the defendants have chosen to treat only the syptoms rather than the cause, causing the plaintiff to suffer great pain and emotional trauma. This complaint alledges that the defendants knew of and continue to have knowledge of the plaintiff's suffering and with deliberate indifference to the plaintiff's medical needs have allowed the plaintiff to continue to suffer. This complaint alledges the denial of proper, necessary and humane treatment for a serious medical

need, all in violation of the plaintiff's rights under the 8th and 14th Amendments to the U.S. Constitution.

## Jurisdiction

1. The court has jurisdiction over the Plaintiff's claim for violation of Federal Constitutional rights under 42 U.S.C. § 1993 and supplemental jurisdiction under 28 U.S.C. 1367.

## Parties

1. Defendant John Armstrong is the Commissioner of Corrections for Connecticut and he is sued in his individual capacity.
2. Defendant Ron Angelone is the commissioner of Corrections for the Commonwealth of Virginia and he is sued in his individual capacity   #1 John Doe
3. Defendant ~~John Doe~~ #1 is Director of Health Services for the Ct. D.O.C. and he is sued in his individual capacity.   Edward Pesanti
4. ~~John Doe~~ #2 is Director of Health Services for the Virginia D.O.C. Fred Schilling and he is sued in his individual capacity.
5. The UCONN Medical Center (URC) is sued in it's individual capacity
6. Dr. Silvas is the Director of Medical Services at MacDougall Corr. Inst., Suffield Ct. and he is sued in his individual capacity.
7. Brian Murphy is the Warden at MacDougall Corr. Inst. and He is sued in his individual capacity.
8. Elaine Lukas is the Medical Services Supervisor at MacDougall Corr. Inst. and she is sued in her individual capacity

## Facts of Complaint

1. On June 21, 2000, while incarcerated at Wallens Ridge State Prison, Big Stone Gap, Va., this plaintiff submitted an inmate request to the medical department complaining of severe pain in his stomach

which had at that time been ongoing for about 2½ weeks.

2. The response to that request was that the plaintiff had been placed on the sick call list.

3. On 10-19-00 the plaintiff was seen by the doctor at Wallens Ridge for the stomach pain that was now over 4 months old.

4. The Dr. told the plaintiff that blood was found in his anus and that he would be put on a liquid diet and that on the following Monday, 10-23-00, the plaintiff would be "flushed" out with a follow up x-ray on 10-24-00.

5. On 10-25-00 the plaintiff submitted another inmate request complaining that the 10-24-00 examination had been cancelled and that it had been 5 or 6 days since the plaintiff had had a bowel movement. The response to that request was " you are on the MD list".

6. On 10-29-00 the plaintiff submitted another inmate request to medical complaining of continual pain, still not having the scheduled exam and requesting an Upper G.I. test. The response was "Placed on M.D. sick call list".

7. On 11-06-00 the plaintiff submitted an inmate request to medical complaining that the MD had come to his cell door for sick call on 11-01-00, and that he told the plaintiff at that time that he was going to change his medication. However, the plaintiff's meds were not changed. The plaintiff also complained of chronic pain and constipation. Response was "placed on M.D. list".

8. On December 1, 2000, the plaintiff was transferred from Wallens Ridge to MacDougall Corr. Inst, Suffield Ct.

9. On December 5, 2000, the plaintiff was seen by the medical dept. at MacDougall C.I. The Dr. prescribed Magnesium of Citrate and Dulcolax.

10. On December 18, 2000, the plaintiff submitted a Level 1 Health Emergency Grievance complaining of the fact that he had been placed on the sick call list on Dec. 16, 2000 and he was never called for sick call. This grievance was denied because his condition "was not life threatening".

11. On 12-23-00 the plaintiff submitted a Level 1 Health emergency grievance complaining that a sick call request was submitted on 12-21-00 but the plaintiff was never called to sick call. This grievance was denied because the plaintiff's condition was not "life threatening".

12. On 12-29-00 the plaintiff submitted a Level 1 Health emergency grievance complaining that on 12-25-00 and 12-28-00 sick call requests were submitted without response. This grievance was denied as not being an emergency.

13. On 1-05-01 the plaintiff was admitted to the infirmary for observation and testing. He remained there for 7 days and had continual problems with pain and constipation. On 1-11-01 the plaintiff was discharged from the infirmary.

14. On 1-12-01 the plaintiff submitted a Level 1 Health Grievance complaining that the plaintiff had been transferred from Va. to Ct. in order to receive treatment for the ongoing problem and that in order for the plaintiff to get releif from his pain he had had to submit sick call requests every three or four days so that he would be called to medical and get treatment that would allow him to have bowel movements. The plaintiff also complained that the results of a blood teat were never recorded in his file and that the problem was now ongoing for several months. This grievance was denied stating "medical treatment is not grievable".

15. On 1-29-01 the plaintiff submitted an inmate request to medical complaining of problems, having bowel movements only evry three or four days and that he was supposed to go to UCONN for an exam. The response was that " the metamucil has been renewed-increase fluid intake- every three days is not abnormal.

16. The plaintiff was seen by medical on 2-13-01, 2-15-01, 2-18-01, 2-21-01, 2-26-01, 3-03-01, and 3-07-01 for complaints of pain and constipation.

17. On 3-12-01 an Upper G.I. series was completed.

18. On 3-23-01 plaintiff was given a soap suds enema.

19. On 3-08-01 the plaintiff was given a barium enema.

20. On 4-17-01 the plaintiff was given a soap suds enema.

21. On 7-03-01 the plaintiff was scheduled for a gastroenterology at the UCONN Health Center.

22. On 7-10-01 the plaintiff was sent to the UCONN Health Center. At this visit the plaintiff was told his medication would be changed.

23. The plaintiff's medication was changed per UCHC doctors orders.

24. On 8-05-01 the plaintiff submitted an inmate request to medical complaining that the new medication was not working. The plaintiff was informed that a follow-up visit at UCHC was scheduled by the Dr. for sometime in October 2001.

25. On 10-26-01 the plaintiff submitted a Level 1 Health Grievance complaining that the problem had been ongoing since Sept. of 2000 and that no cause had been found. Further, that his requests were going unanswered and that he needed help from a specialist.

26. The 10-26-01 grievance was compromised stating " a follow up for the specialist was requested and a date is forthcoming".

27. The plaintiff was never returned to UCHC for the followup.
28. On 4-01-02 the plaintiffs medical records reflect that he continued to complain of stomach pains, that he was still taking Dulcolax and that he was still having problems with constipation.
29. On 4-02-02 Dr. Silvas notes in the plaintiff's recordes that the problem has been ongoing for over two years and that the Dr. urgently refers for a review of 2 years of abdominal problems.
30. On 5-30-02 med. records record that the plaintiff was still constipated and another request was being made to UCHC for an exam and that the request was faxed to UCHC at 11:30 a.m. on 5-30-02.
31. On 7-08-02, after waiting 5 weeks, the plaintiff submitted an inmate request asking about the status of the UCHC request.
32. On 7-11-02 the plaintiff was informed that the request had been denied by UCHC.
33. On 7-20-02 the plaintiff submitted a Level 1 Health grievance complaining that not only was he now suffering from constipation and abdominal pain, but that now the food he was eating was backup into his throat and causing him pain in his throat. This grievance was rejected because "medical treatment is not grievable".
34. On 9-14-02 the plaintiff submitted an inmate request to Dr. Silvas complaining of persistent pain and side effects from the medication for 2 plus years. The plaintiff requested another exam from a specialist at UCHC.
35. On 10-03-02 the plaintiff submitted a Level 1 Health grievance outlining the entire history of the ongoing problem, the steps he had taken to try and secure proper medical treatment and requesting to either be seen at UCONN Health Center, or an outside specialist. This grievance was denied.

36. On 10-16-02 the plaintiff submitted a Level 2 appeal to his Level 1 health grievance, stating that his grievance had been denied because "medical treatment is not grievable" but that his Level 1 grievance was not for treatemtn rendered but for a lack of treatment for the cause of the problem rather than treatment of the syptoms. This appeal was denied and appeal to Level 3 was also denied, effectively exhausting the plaintiff's administrative remedies.

37. On 12-08-02 the plaintiff submitted a Level 1 health grievancve complaining that his medication had been changed and that the new medication was not working and that attempts to remedy the situation through normal channels had been nonproductive.

38. The plaintiff asserts that a serious medical condition has been ongoing for over two years and that the plaintiff has done everything possible to remedy the situation through the proper channels.

39. The plaintiff asserts that the defendants have chosen to treat the syptoms of the problem rather than diagnose and treat the cause of the problem.

40. The plaintiff asserts that he exhausted his administrative remedies when, on 10-30-02, the plaintiff's Level 2 grievance was denied and his right to appeal to Level 3 was also denied.

41. The plaintiff asserts that the medical dept. at Wallens Ridge knew of the serious nature of his condition and rather than treat him chose instead to transfer him back to Connecticut, putting his health and safety at risk, in violation of his rights.

42. The plaintiff asserts that the medical staff at MacDougall C.I. knew of the serious nature of his medical condition and chose to

treat the symptoms rather than diagnose and treat the cause of his serious medical condition, causing him great pain and suffering.

43. The plaintiff asserts that this knowledge of the serious nature of his medical condition and choice to treat only the symptoms amounts to deliberate indifference to a serious medical need.

44. The plaintiff asserts that the defendants Armstrong, Angelone, ~~John Doe~~ #1 [#1 John Doe - Edward PeSanti], ~~John Doe~~ #2 [& Fred Schilling], UCONN Health Center, Silvas, Murphy and Lukas were deliberately indifferent to the plaintiff's pain and suffering and to the plaintiff's serious medicasl needs.

## Claims for Relief

45. The actions of defendants Armstrong, Angelone, ~~John Doe~~ #1 [#2 / #1 Edward PeSanti], ~~John Doe #2~~ [Fred Schilling], Murphy, Silvas, Lukas, UCONN Health Center caused the plaintiff and still cause the plaintiff to suffer severe pain, emotional trauma, concern for his future health and continued complications, in that they were all made aware of the problem over the span of two years and ignored the plaintiff's repeated requests for proper treatment and dismissed his attempts to resolve this matter through administrative channels, in violation of the plaintiff's 8th and 14th amendment rights.

## Relief Requested

Wherefore the plaintiff requests that the court grant the following relief:

1. Issue a declaratory judgement stating that:
    a. The actions of all of the defendants constitute deliberate indifference to the plaintiff's health and safety.

    b. The actions of all the defendants effectively deprived the plaintiff of even the minimal adequate medical care and caused the plaintiff great pain and suffering, all in violation of the 8th and 14th Amendments ban on cruel and unusual punishment.

2. Award Compensatory Damages in an amount that the court may deem appropriate and equitable.

3. Award Punitive Damages in an amount that thecourt may deem to be fair and reasonable.

4. Grant other such relief as it may appear the plaintiff may be entitled.

    Respectfully submitted this __20__ day of __OCT-2003__ 2003.

                                                  *Justino Ramirez* → 11-17-03

                                           Justino Ramirez