UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUSTINO RAMIREZ

V.

JOHN J. ARMSTRONG
RON ANGELONE
EDWARD PESANTI
FRED SCHILLING
DR. TIM SILVAS
BRIAN MURPHY
ELAINE LUKAS
UCONN HEALTH CENTER

PRISONER
CASE NO. 3:03CV250 (WWE)

FILED
2004 MAR 25  P 4: 45
U.S. DISTRICT COURT
BRIDGEPORT, CONN

## MEMORANDUM OF DECISION

The plaintiff, currently an inmate at Osborn Correctional Institution in Somers, Connecticut, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. On November 21, 2003, the plaintiff filed an amended complaint identifying the John Doe defendants named in the complaint. Accordingly, the plaintiff's motion for discovery seeking the name of one of the John Doe defendants is denied as moot.

The plaintiff alleges that in June 2000, he was incarcerated at Wallens Ridge State Prison in Big Stone Gap, Virginia. On June 21, 2000, he submitted a request to the medical department complaining of severe pain in his stomach. The medical department placed him on the sick call list. The plaintiff was not seen by a doctor until October 19, 2000. The physician informed him that there was blood in his anus and prescribed a liquid diet. The physician also informed the plaintiff that he would be x-rayed on October 24, 2000. X-rays of the plaintiff were not taken on October 24, 2000. When the plaintiff inquired about the x-rays, the medical department

informed him that he was on a list to see a physician. On October 29, 2000, the plaintiff submitted another request to the medical department complaining of continual pain and inquiring about the x-rays. The medical department informed the plaintiff that he was on a list to see a physician. A physician came to the plaintiff's cell on November 1, 2000 and informed the plaintiff that he was going to change his medications. The plaintiff complained to the medical department on November 6, 2000, that his medications had not been changed. The medical department informed him that he was on a list to see a physician.

On December 1, 2000, the plaintiff was transferred to MacDougall Correctional Institution in Suffield, Connecticut. The remainder of the plaintiff's amended complaint includes allegations that Connecticut Department of Correction employees failed to adequately treat his medical problems after he was transferred back to Connecticut. The plaintiff seeks declaratory relief and compensatory and punitive damages as well. For the reasons set forth below, the complaint will be dismissed in part with leave to amend.

The plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a

claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(I) - (iii). Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

"When an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915 (e)(2)(B)(I) even if the complaint fails to 'flesh out all the required details.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Benitez v. Wolf, 907 F.2d 1293, 1295 (2d Cir. 1990)).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Livingston, 141 F.3d at 437. The court exercises caution in dismissing a case under § 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989).

A district court must also dismiss a complaint if it fails to state a claim upon which relief may be granted. See 28 U.S.C. 1915(e)(2)(B)(ii) ("court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim upon which relief may be granted"); Cruz, 202 F.3d at 596 ("Prison Litigation Reform Act . . . which redesignated § 1915(d) as § 1915(e) [] provided that dismissal for failure to state a claim is mandatory"). In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. Cruz, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)). Dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B)(ii), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted. Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

A district court is also required to dismiss a complaint if the plaintiff seeks monetary damages from a defendant who is immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (affirming dismissal pursuant to § 1915(e)(2)(B)(iii) of official capacity claims in § 1983 action because "the Eleventh Amendment immunizes state officials sued for damages in their official capacity").

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, the plaintiff must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

I.  UCONN Health Center

The plaintiff names the University of Connecticut Health Center as a defendant in this action. It is well-settled that a state agency is not a "person" within the meaning of section 1983. See Fisher v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (state prison department cannot be sued under section 1983 because it does not fit the definition of "person" under section 1983); Kirkendall v. University of Connecticut Health Center, Case no. 3:97cv1957 (RNC) Slip op. at 1 (D. Conn. May 11, 1999) (dismissing claims for

monetary relief against University Connecticut Health Center, John Dempsey Hospital in its official capacity as barred by the Eleventh Amendment and noting that the hospital was a state agency), aff'd 205 F.3d 1323 (2d. Cir. 2000); Ferguson v. Morgan, No. 90 Civ. 6318 (JSM), 1991 WL 115759, at *1 (S.D.N.Y. 1991) (Otisville Correctional Facility medical staff not a person under section 1983); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-38 (D.N.J. 1989) (Department of Corrections not a person under section 1983). Because there is no arguable legal basis for a section 1983 action against a state agency, all claims as the University of Connecticut Health Center are dismissed. See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(I).

II. Official Capacity Claims for Monetary Damages

Generally, a suit for the recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. See Florida Department of State v. Treasure Salvors, 458 U.S. 670, 684 (1982). Section 1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 342 (1979). The Eleventh Amendment immunity which protects the state from suits for monetary relief also protects state officials sued for damages in their official capacity. See Kentucky v. Graham, 473 U.S. 159 (1985). A suit against a defendant in his official capacity is ultimately a suit

6

against the state if any recovery would be expended from the public treasury. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 101 n.11 (1984).

In the present case, defendants Angelone and Schilling are employees of the Virginia Department of Correction and defendants Armstrong, Pesanti, Silvas, Murphy and Lukas are employees of the Connecticut Department of Correction. They are all sued in their individual and official capacities for monetary damages. Any monetary recovery by the plaintiff against these defendants in their official capacities, however, would constitute a recovery against the state and as such this suit is not actionable. The claims as to defendants Armstrong, Angelone, Schilling, Pesanti, Silvas, Murphy and Lukas for money damages in their official capacities are dismissed. See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(iii).

III. Personal Involvement

The plaintiff's amended complaint is devoid of any factual allegations demonstrating the personal involvement of defendants Armstrong, Pesanti, Murphy, Lukas, Angelone and Schilling in the alleged deliberate indifference to plaintiff's medical condition. In order to state a claim for damages under section 1983, the plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. See Gill v. Mooney, 824 F.2d 192, 196

(2d. Cir. 1987); McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978). The doctrine of respondeat superior is not applicable in section 1983 cases. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 692-95 (1978).

A supervisory official who has not directly participated in the conduct complained of may be found personally involved in the deprivation of an inmate's rights in other ways.

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)(quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994)(citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986))).

The plaintiff fails to allege facts suggesting the involvement of any of the defendants, except Dr. Silvas, in the alleged inadequate medical care provided to him in Virginia and in Connecticut at MacDougall Correctional Institution. There are no facts to indicate that any of the defendants, except Dr. Silvas,

were aware of plaintiff's medical condition and the alleged lack of medical treatment by unnamed medical department personnel. It is apparent that Former Commissioner Armstrong, Commissioner Angelone, Director Edward Pesanti, Director Schilling are named due to their supervisory roles only. The court concludes that the plaintiff has failed to allege the personal involvement of defendants Armstrong, Pesanti, Murphy, Lukas, Angelone and Schilling in his claims. Thus, the plaintiff's claims for monetary damages against defendants Armstrong, Pesanti, Murphy, Lukas, Angelone and Schilling claims are dismissed. See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(ii).

The court also dismisses the plaintiff's claim for declaratory relief against defendants Armstrong, Pesanti, Murphy, Lukas, Angelone and Schilling. The plaintiff seeks a declaratory judgment stating that the actions of the defendants constituted deliberate indifference to his health and safety in violation of the Eighth and Fourteenth Amendments. Because the plaintiff has not alleged any facts indicating that the defendants Armstrong, Pesanti, Murphy, Lukas, Angelone and Schilling were involved in the deliberate indifference to his medical needs, he cannot prevail on his claim that these defendants violated his Eighth and Fourteenth Amendment rights. Accordingly, the plaintiff's claim for declaratory relief against defendants Armstrong, Pesanti, Murphy, Lukas, Angelone and Schilling is dismissed as lacking an arguable legal basis. See

<u>Neitzke</u>, 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(i).

Because the plaintiff proceeds <u>pro se</u> in this matter and may be able to overcome the deficiencies in his complaint concerning the involvement of defendants Armstrong, Pesanti, Murphy, Lukas, Angelone and Schilling in the alleged unconstitutional denial of adequate medical treatment, the court will permit the plaintiff to file an amended complaint.

## Conclusion

The claims against all defendants for monetary damages in their official capacities are DISMISSED. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(iii). All claims against defendants Armstrong, Pesanti, Murphy, Lukas, Angelone and Schilling are dismissed without prejudice. <u>See</u> 28 U.S.C. § 1915 (e)(2)(B) (i) (ii) and (iii). The Motion for Discovery [doc. # 8] is DENIED as moot.

The court will permit the plaintiff to file an amended complaint within twenty days of the filing of this decision, provided he can allege facts demonstrating how each of the defendants were personally responsible for or involved in the lack of medical care for his medical condition. If the plaintiff fails to file an amended complaint, the action will proceed as to the

claims against Dr. Silvas only.  It is certified that any appeal <u>in forma pauperis</u> from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a).

SO ORDERED.

Dated this 25th day of March 2004, at Bridgeport, Connecticut.

---

Warren W. Eginton
Senior United States District Judge