UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JUSTINO RAMIREZ | : | PRISONER<br>CIVIL NO. 3:03CV250 (WWE)(HBF) |
| v. | : |  |
| JOHN ARMSTRONG, ET AL. | : | JUNE 24, 2005 |

### MEMORANDUM IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

**BACKGROUND**

This is a civil rights complaint brought by Justino Ramirez, pro se, a state prisoner incarcerated at Osborn Correctional Institution, Somers, Connecticut. It is a complaint for damages under 42 U.S.C. § 1983. In his complaint, the plaintiff alleges that he has been forced to suffer from an unknown medical condition for more than 2 years without a proper diagnosis or treatment, and that medical personnel have failed to adhere to prescribed treatment regimens including the cancellation and denial of necessary follow-up examinations, failure to prescribe proper medication, failure to respond to the plaintiff's repeated, continual complaints and requests. The complaint further alleges that the defendant has chosen to treat only the symptoms rather than the cause, causing the plaintiff to suffer great pain and emotional trauma. The plaintiff also alleges that the defendant knew and continues to have knowledge of the plaintiff's suffering and acted with deliberate indifference to the plaintiff's medical needs. The complaint alleges the denial of proper, necessary and humane treatment for a serious medical need, all in violation of the plaintiff's rights under the 8th and 14th Amendments to the United States Constitution.

The Court previously dismissed claims made by the plaintiff against all defendants except Dr. Silvis.

At about the time of the filing of this case in Federal District Court, the plaintiff filed a "Petition for Writ of Habeas Corpus" in Connecticut Superior Court, Docket No. CV02-821645, Ramirez v. Warden, J.D. Tolland at Rockville. Plaintiff's Writ of Habeas Corpus made the identical claims as made in this case. See Petition for Writ of Habeas Corpus, Defendant's Exhibit A. On April 6, 2004, the Connecticut Superior Court, Dyer, *J*, rendered a decision on plaintiff's petition for a writ of habeas corpus in which the Court found for the respondent Warden. See Defendant's Exhibit B.

## ARGUMENT

### A.   Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact …." Fed.R.Civ.P. 56(c). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c). A party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987). A self-serving affidavit which reiterates the conclusory allegations of the complaint in affidavit form is also insufficient to preclude summary judgment. See Lujan v. National Wildlife Fed'n., 497 U.S. 871, 888 (1990).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

### 1.     Collateral Estoppel

The defendant argues that Ramirez's claim of deliberate indifference to his serious medical needs in this case is precluded by a state court decision in Ramirez v. Warden, Docket No. CV02-821645 (Conn. Super. April 6, 2004).

Under the [United States] Constitution's Full Faith and Credit Clause, see U.S. Const. Art. IV, § 1, federal courts must accord state court judgments the same preclusive effect as other courts within that state. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (citations omitted). Thus, "issues actually litigated in a state-court proceeding are entitled to the same preclusive

3

effect in a subsequent federal § 1983 suit as they enjoy in the courts of the state where the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 83 (1984). Accordingly, the court must apply the same preclusive effect to an inmate's state habeas decision as would Connecticut state courts. See Kulak v. City of New York, 88 F.3d 63, 71-72 (2d Cir. 1996) (applying collateral estoppel to bar relitigation in a federal section 1983 action of issues previously decided in a state habeas proceeding); Burgos, 14 F.3d at 792-93 (noting that state habeas decision may have preclusive effect in subsequent federal section 1983 action).

To determine whether Ramirez is barred from litigating the claims which were asserted in the state habeas proceeding, the court must look to Connecticut law. See Burgos, 14 F.3d at 790, 792 (federal court looks to state law to determine whether claim are barred by res judicata or collateral estoppel). Under Connecticut law, "[f]or an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." Virgo v. Lyons, 209 Conn. 497, 501 (1988). An issue was fully and fairly litigated if the issue was "properly raised in the pleadings, submitted for determination, and in fact determined." Scalzo v. Danbury, 224 Conn. 124, 128 (1992) (citation omitted). In addition, there must not have been any procedural limitations in the original action which would have precluded a full and fair opportunity to litigate the issue. Aetna Casualty & Surety Co., 220 Conn. at 306; see also Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 331 (1979) (noting that estoppel may well be unfair to a litigant "where the second action affords the [party against whom estoppel is invoked] procedural opportunities unavailable in the first action that could readily cause a different result").

Nevertheless, collateral estoppel may apply even if the relief sought in the present action was unavailable in the prior action.

The doctrine of collateral estoppel may be invoked by one who was not a party to the original action. Aetna Casualty & Surety, 220 Conn. at 302 (mutuality of parties is not required to assert issue preclusion). The Supreme Court abandoned the doctrine of mutuality in Parklane Hosiery, supra. The Connecticut Supreme Court adopted this position in Aetna Casualty and Surety Company in 1991. 220 Conn. at 301-03. ("While the case may arise where a lack of mutuality of parties would render the use of collateral estoppel patently unfair, that rule will no longer operate automatically to bar the use of collateral estoppel ...."). So long as the party against whom the doctrine is applied had the opportunity to litigate the merits of the issue of the prior action, collateral estoppel may be invoked. Id.

It is clear from the plaintiff's habeas petition that he raised the identical claims in that case in the present matter. See Defendant's Exhibit A. Judge Dyer, in the State court proceeding, made the following factual findings:

> The evidence at hearing established that the respondent has been treating the petitioner with laxatives and various other medications since he initially complained about this problem. The respondent has also conducted three medical tests in attempts to diagnose the cause of the petitioner's condition. A rigid sigmoidoscope evaluation was conducted on October 31, 2002. This test revealed that the petitioner had a large internal hemorrhoid. An examination of the petitioner's upper gastrointestinal tract and esophagus, performed on April 9, 2003, was normal. A colonoscopy examination, performed on September 18, 2003, at the University of Connecticut, was also normal.
>
> Dr. Blanchette testified credibly that the last two procedures revealed no physiological conditions that would cause the petitioner to experience chronic constipation .... A psychiatric examination was conducted by Michael Tress, M.D. (Respondent's

5

> Exhibit B). Dr. Tress diagnosed the petitioner as suffering from conversion disorder and hypochondriasis. The lack of objective evidence of a physical cause led the mental health professionals to conclude that the petitioner's condition was emotional in nature. Antidepressant medication and group therapy were prescribed for the petitioner. The respondent has declined to attend the therapy sessions, because they are scheduled for a time when he works at a prison job. The court found the testimony of Dr. Ducate, and the written report prepared by Dr. Tress, to be credible evidence.
>
> Based on the totality of the credible medical evidence presented, the court finds that there is no objective proof that the petitioner is suffering from an untreated physical malady which is causing him to experience chronic constipation and pain. The court accepts as highly plausible the respondent's diagnosis that the petitioner's complaints may result from emotional causes, and further finds that the respondent has offered the petitioner mental health treatment.

The State court went on to hold as follows:

> …[I]f a writ seeks to vindicate rights under the eighth amendment to the United States constitution, the petitioner must establish, preferably by objective evidence, that his detention has subjected him to cruel and unusual punishment resulting from the unnecessary and wanton infliction of pain." Hunnicutt v. Commissioner of Correction, 67 Conn. App. 65, 69 (2001), citing Arey v. Warden, 187 Conn. 324, 328-329 (1982).
>
> In cases such as the present one, the burden rests upon the petitioner to prove that the respondent has acted with "deliberate indifference" to his medical needs. Hunnicutt v. Commissioner of Correction, supra, 68. The court finds that the petitioner has failed to do so. The entire record before the court establishes that the respondent performed appropriate physical and psychiatric evaluations in response to the petitioner's subjective complaints of chronic constipation and pain, and has attempted to treat the petitioner on an ongoing basis with both medication and mental health therapy.
>
> Since the court finds that the respondent has not been deliberately indifferent to the petitioner's medical needs, his petition seeking habeas corpus relief is hereby **DENIED**.

See Memorandum of Decision, Ramirez v. Warden, Docket No. CV02-821645, Superior Court, JD Tolland at Rockville, April 6, 2004, Dyer, *J*.

It is clear from the findings and conclusions of the State court that Mr. Ramirez had a full and fair opportunity to litigate his claim of deliberate indifference. The plaintiff had ample opportunity to present evidence and cross-examine witnesses. The State Court found that he had received "appropriate physical and psychiatric evaluations" and provided treatment which was in no way deliberately indifferent to his medical need during this time frame. This finding precludes a finding in this case that Dr. Silvis was deliberately indifferent to the very same medical complaints.

### B. Defendant Silvis Was Not Deliberately Indifferent To Plaintiff's Serious Medical Needs[1]

To establish an unconstitutional denial of medical care, an inmate must prove "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 291 (1976). Mere negligence will not support a Section 1983 claim. The conduct complained of must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F.Supp. 203, 232 (SDNY 1988) (citing United States ex rel Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970). A treating physician will be liable under the Eighth Amendment only if his conduct is "repugnant to the conscience of mankind." Tomarkin v. Ward, 534 F.Supp. 1224, 1230 (SDNY 1982) (quoting Estelle, 429 U.S. at 105-06).

There are both subjective and objective components to the deliberate indifference standard. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom, Foote v.

---

[1] Even if this Court addresses the issues decided in the plaintiff's state habeas petition, Dr. Silvis was not deliberately indifferent to the plaintiff's medical needs.

7

Hathaway, 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995).  The alleged deprivation must be "sufficiently serious" in objective terms.  Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  The term "serious medical need" contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain."  Hathaway, supra, 37 F.3d at 66 (quoting Nance v. Kelley, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, *J*, dissenting)).  See, e.g., Hathaway v. Coughlin, 841 F.2d 48 (2d Cir. 1988) (broken pins in hip); Williams v. Vincent, 508 F.2d 541, 544 (2d Cir. 1974) (discarding inmate's ear rather than reattaching it); Martinez v. Mancusi, 443 F.2d 921, 923 (2d Cir. 1970) (refusal to follow surgeon's instructions), cert. denied, 401 U.S. 983 (1971).  Not all medical conditions, however, are considered "serious."  See, e.g., Jones v. Lewis, 874 F.2d 1125 (6th Cir. 1989) (mild concussion and broken jaw); Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988) (kidney stones); Malsh v. Austin, 901 F.Supp. 757 (SDNY 1995) (delay in providing routine dental treatment); May v. Baldwin, 895 F.Supp. 1398 (D.Or. 1995) (dry skin); Glasper v. Wilson, 559 F.Supp. 12 (WDNY 1982) (bowel problems).

Subjectively, the prison official must have acted with "a sufficiently culpable state of mind."  Hathaway v. Coughlin, supra, 37 F.3d at 66.  "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows and disregards an excessive risk to inmate's health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1979 (1994).

The plaintiff claims he has suffered from chronic constipation, which has caused stomach pain, since the year 2000.  The plaintiff has been treated with laxatives and various other

8

medications since he began complaining about these problems.  Three medical tests have been conducted to attempt to diagnose the cause of the plaintiff's complaints.  A rigid sigmoidoscope evaluation was conducted on October 31, 2002.  This test revealed that the plaintiff had a large internal hemorrhoid.  An examination of the plaintiff's upper gastrointestinal tract and esophagus, performed on April 9, 2003, was normal.  A colonoscopy examination, performed on September 18, 2003, at the University of Connecticut Health Center, was also normal.  The last two procedures revealed no physiological conditions that would cause the plaintiff to experience chronic constipation.  Because the upper GI series and the colonoscopy revealed no physical causes for the alleged condition, the plaintiff was referred for mental health counseling.

A psychiatric examination was conducted by Michael Tress, M.D.  Dr. Tress diagnosed the plaintiff as suffering from conversion disorder and hypochondriasis.  The lack of objective evidence of a physical cause led the mental health professionals to conclude that the petitioner's condition was emotional in nature.  Antidepressant medication and group therapy were prescribed for the petitioner.

Based on the medical evidence, there is no objective proof that the petitioner has suffered from an untreated physical malady which is causing him to experience chronic constipation and pain.

The defendant, Dr. Silvis, treated plaintiff in response to his reported symptoms.  He did not ignore the plaintiff or the plaintiff's complaints.  It is clear from the Affidavit of Dr. Silvis, the plaintiff's medical records and the findings of the Superior Court in the plaintiff's habeas case, that the plaintiff has received proper and appropriate medical and mental health care.  Clearly, Dr. Silvis did not know and disregard "an excessive risk to [plaintiff's] health or safety"

9

nor could he have been aware of "facts from which the inference could be drawn that a substantial risk of serious harm" existed and he had reached that conclusion. See Farmer v. Brennan, supra. Instead, it is clear that Dr. Silvis responded to plaintiff's complaints over a 2 ½ year period by providing the plaintiff with numerous diagnostic tests and medications. Indeed, even after the plaintiff was transferred, a specialist reached the same medical conclusions made by Dr. Silvis and followed a similar course of treatment. Finally, it is clear from the plaintiff's mental health diagnosis that his problems are not entirely physical in nature.

There is no basis for finding that the defendant, Dr. Silvis, was "deliberately indifferent" to the plaintiff's medical needs and judgment should enter in his favor.

**CONCLUSION**

The Court should grant summary judgment for the defendant.

        DEFENDANT
        Timothy Silvis

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL


BY:_____/s/_____
    Michael J. Lanoue
    Assistant Attorney General
    110 Sherman Street
    Hartford, CT  06105
    Federal Bar #ct05195
    E-Mail:  michael.lanoue@po.state.ct.us
    Tel: (860) 808-5450
    Fax: (860) 808-5591

## **CERTIFICATION**

  I hereby certify that a copy of the foregoing was mailed to the following on this \_\_\_\_\_ day of June 2005:

  Justino Ramirez #191568
  Osborn Correctional Institution
  P.O. Box 100
  Somers, CT 06071

          _____/s/_____
          Michael J. Lanoue
          Assistant Attorney General